PATRICK E. NEALON, APPELLEE, V. LYDIA MCGARGILL ET AL., APPELLEES; DELA F. MCINTYRE, INTERVENER, APPELLANT.*

FILED JUNE 20, 1906.   No. 14,383.

1. Evidence examined, and *held* sufficient to sustain the decree of the district court.

2. Error: REVIEW. Where the only parties affected by alleged errors in a decree are satisfied, others will not be heard to complain.

APPEAL from the district court for Greeley county: JAMES N. PAUL, JUDGE. *Affirmed.*

*W. F. Critchfield* and *T. P. Lanigan,* for appellant.

*Abbott & O'Malley, T. J. Doyle* and *J. R. Swain, contra.*

ALBERT, C.

This suit was brought by Patrick E. Nealon against Lydia McGargill and William McGargill for the specific performance of a contract to convey certain real estate. Ellen Nealon and Dela F. McIntyre became parties by intervention. The following is the substance of the allegations of plaintiff's original petition: That on the 16th day of July, 1902, the defendant, Lydia McGargill, was the holder of the legal title to said premises, and that at said time she sold the same under an oral agreement to the plaintiff for the sum of $1,000 cash and other valuable considerations, viz., $300 cash to be paid to defendants for the use and benefit of Ellen Nealon, the mother of the plaintiff and of the defendant, Lydia McGargill, and the

*Rehearing allowed.   See opinion, p. 115, *post.*

additional sum of $100 per annum to be paid to the said defendant, Lydia McGargill, during the lifetime of the said Ellen Nealon, for the use and benefit of said Ellen Nealon, said annuity to be secured by a mortgage on the above described premises; that, upon payment of said sums of money and the securing of said annuity to said Ellen Nealon, defendant agreed to convey said premises to the plaintiff by a deed of general warranty, subject to a mortgage of $1,000 which plaintiff agreed to assume and pay; and that at the time the said oral contract was so made the plaintiff had an equitable interest in said land, which interest was acquired as follows: In March, 1892, said land belonged to said Ellen Nealon, and at said time she orally agreed with plaintiff that if he would stay on said land and work it, and take care of and support her, later on she would deed said land to plaintiff, and, in pursuance of said agreement with said Ellen Nealon, the plaintiff worked said land from March, 1892, until the time of filing his petition herein, always relying upon said agreement; and that during said time he took care of the said Ellen Nealon and supported her, and made valuable improvements on the land and paid a mortgage on the same; that all of said labor was done and money expended with the distinct understanding with the said Ellen Nealon that said land was ultimately to become the property of the plaintiff; that the plaintiff, by reason of the agreement entered into with the defendant, Lydia McGargill, entered into possession of said premises, and has continued in possession of same, with the assent of the defendant, from that time until the the time of filing said petition; that there is still due the defendant on said contract the sum of $71, and to the defendants for the use and benefit of Ellen Nealon the sum of $300 and the mortgage on the said premises for the payment of $100 per year during the lifetime of said Ellen Nealon; that the plaintiff has duly performed all of the conditions of the contract on his part, and now brings said sums of $71 and $300 and said mortgage into court and offers the same to the defend-

ants, and prays that they may be required to accept the same and convey the land. Afterwards the plaintiff filed an amendment to his said petition, in which he alleged that in 1894 the said Ellen Nealon agreed to convey said property to said plaintiff, and that in the year 1898, it was further verbally agreed between the plaintiff and the said Nealon that, in consideration of the services which plaintiff had then rendered in working upon and managing said farm, and the further agreement then and there made that the plaintiff should pay to the said Ellen Nealon $600, when called upon so to do, for the use and benefit of said Lydia McGargill, and continue to support the said Ellen Nealon and provide her a home upon said premises, the said Ellen Nealon would convey the legal title to said premises to the said plaintiff. To the petition of the plaintiff and the amendment thereto the defendants, Lydia McGargill and William McGargill and intervener Ellen Nealon, all filed answers amounting in substance to general denials. The intervener, Dela F. McIntyre, filed an answer, denying the allegations of plaintiff's petition, and setting forth a written contract between himself and Lydia McGargill by the terms of which said Lydia McGargill had agreed to sell and convey the said premises to the said Dela F. McIntyre; that a cash payment had been made upon said contract and retained by said Lydia McGargill; that he was ready and willing to perform the terms of his contract and offered in court to do so. To the answer of Dela F. McIntyre, the plaintiff replied, denying generally all the allegations therein contained, and alleging that, at the time the alleged contract between said intervener and Lydia McGargill was made, the intervener had notice of plaintiff's rights in the premises.

The findings and decree of the court are, in substance, that the plaintiff, Patrick E. Nealon, was the owner in fee of said premises, and that the defendants, Lydia McGargill and William McGargill, and the intervener, Dela F. McIntyre, had no interest in said premises, and that the plaintiff, Patrick E. Nealon, provide and set apart com-

fortable and suitable apartments in the dwelling house upon said premises for the intervener, Ellen Nealon, and furnish to her proper and suitable maintenance and support during her lifetime, and, in the event the said Ellen Nealon refuses to live upon said premises and to make her home with the said Patrick E. Nealon,'then the said Patrick E. Nealon should pay her the sum of $200 per annum for each year during her lifetime, $100 of said sum to be paid on the first day of September of each year, the same to be made a lien upon said premises, and, in case of default in said payment, the same to be enforced by filing a motion in this cause calling the attention of the court to the default in the payment of said sum, and citing the plaintiff to appear; and that the defendants, Lydia McGargill and William McGargill, and the intervener, Dela F. McIntyre, pay the costs of the suit. The defendants and interveners appealed from the decree. Subsequently, however, the intervener, Ellen Nealon, entered into an agreement in writing with the plaintiff, which contemplates the carrying out the terms of the decree, and in which she asks that the decree, so far as it concerns her, be affirmed. The controversy at present, therefore, is between the plaintiff and the intervener, McIntyre, and the defendants, Lydia and William McGargill, the latter having no interest, however, save as the husband of his codefendant.

Ellen Nealon, one of the interveners, is the mother of the plaintiff and the defendant, Lydia McGargill, and the common source of title of all the claimants herein. She conveyed the legal title to the land in controversy to the defendant, Lydia, early in the summer of 1902. From the latter's own testimony it is clear that by such conveyance she took the bare legal title, her mother retaining whatever beneficial interest she had in the premises at that time. The contract under which the intervener McIntyre claims an interest in the land was entered into between him and the defendants, Lydia McGargill and her husband, more than a year afterwards. The immediate object of the con-

veyance from the mother to her daughter, Lydia, was to effect a loan on the property, the mother being of an age that made it difficult to obtain a loan in her own name. At the time of the conveyance the plaintiff was, and for many years had been, in possession of the land, claiming to be the owner thereof by virtue of certain agreements between him and his mother. After the conveyance by the mother to Lydia, the latter and her husband negotiated a loan of $1,000 on the land, executing the necessary papers and receiving a draft for the amount of the loan. Before the draft was cashed the plaintiff notified the loan company of his claim to the land, and the company recalled the draft and refused to make the loan, unless the plaintiff would join in the mortgage and execute a relinquishment of his claim to the land, which he finally did. He testified that he executed the mortgage and relinquishment in pursuance of the following agreement between himself and his mother and sister, Lydia, the principal defendant; that he should execute said mortgage, assume and pay the debt thereby secured, allow the proceeds of the loan to be paid to his sister, Lydia, for the benefit of herself and mother, pay the mother $300 cash, and $100 each year so long as she lived, payment thereof to be secured by mortgage on the land, and that, in consideration thereof, the title in fee should be conveyed to him. His testimony is strongly corroborated by other witnesses, one of whom is the agent through whom the $1,000 loan was negotiated. This witness testified to a conversation had with the defendant, Lydia, at about the time the loan was made, in which she told him of an agreement she had made with the plaintiff, and stated the terms substantially as they were given by the plaintiff on the witness stand. Another witness testified to a similar conversation had with the defendant, Lydia, at about the same time, in which she again stated the terms of her agreement with the plaintiff. This defendant does not unequivocally deny this conversation, but when asked with respect to it said: "I do not believe it was

said in those words, quite." The testimony satisfies us that the parties actually entered into this agreement.

The plaintiff joined in the loan, and to meet the terms of the loan company executed a relinquishment of his interest in the land, but retained possession. The proceeds of the loan were paid to the defendant, Lydia, save $71 which was paid out for taxes on the land. Lydia and her mother then refused to carry out their part of the contract. When the suit was brought the plaintiff paid $371 into court for the defendants, for the use of his mother, that being the amount of the cash payment required by the terms of the contract and the $71 paid out of the loan for taxes. The contract of July, 1902, was an adjustment of the conflicting claims of the parties thereto to the land. Each of these claims appears to have been put forth in good faith, and none at the time was entirely free from doubt. The contract therefore was founded upon a sufficient consideration. It is binding upon the mother who, as we have seen, has signified her willingness to abide by the decree. A *fortiori* it is binding on the defendant Lydia and her husband, because at the time they had no interest in the land, save that Lydia held the legal title in trust for her mother. It is also binding upon the intervener, McIntyre, because the contract under which he claims was made with Lydia and her husband about a year after plaintiff's contract was made. At that time plaintiff was in possession claiming under his contract. In addition to the notice imparted by such possession, the evidence sufficiently shows that before McIntyre's contract was made he was fully informed of plaintiff's contract by the plaintiff himself, so that he cannot be regarded as an innocent purchaser, nor as standing in any better position than his grantor. It may be said, in passing, that he has invested only $200 in the land. In view of the evidence, it seems to us a finding against the defendants and the intervener, McIntyre, was inevitable. The evidence against the other intervener, the mother, is somewhat weaker, as she would not be bound, perhaps, by the admissions of the defendant,

Lydia. But, as we have seen, she is satisfied with the decree.

It is contended, however, that the contract enforced by the decree is not that pleaded by the plaintiff. The plaintiff has paid his cash payment of $300 and the $71 paid out of the $1,000 loan for taxes into court. He has fully performed his part of the contract of July, 1902, so far as he owes any performance thereof to the defendant. The portion unperformed is for the exclusive benefit of the mother. The decree is more liberal to her than the contract. In that respect alone does it depart from the terms of the contract. Both she and the plaintiff are satisfied with it, and its variance from the terms of the contract does not concern the other parties.

It is recommended that the decree of the district court be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.

The following opinion on rehearing was filed November 10, 1906. *Former judgment modified and cause remanded with directions:*

DUFFIE, C.

Our attention has been called to the fact, not noticed in the briefs filed in this case, that the appellant paid $200 on his contract of purchase which has been set aside by the court. Plaintiff, on commencing this action, paid into court the sum of $371 which has not been disposed of by the decree. It is quite apparent that Lydia McGargill and Ellen Nealon have had the benefit of the payment made upon this land by the intervener and appellant. Equity requires the repayment of this money upon the cancelation of his contract of purchase, and the money paid into

court for the benefit of the defendants should be used for that purpose. The defendants and intervener were jointly taxed with the payment of all the costs. Under our statute an intervener who fails in his action can be charged only with the costs made by his intervention. Code, sec. 50*b*. The decree of the district court and the judgment of this court heretofore entered will be so modified as to require the payment to the appellant of $200 from the money deposited in court by the plaintiff, and to direct the district court to ascertain the amount of costs made by the intervention of the appellant and to tax him with the payment of such costs, and for this purpose the case will be remanded to the district court.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court and the judgment of this court heretofore entered are modified and the cause is remanded to the district court, with directions to require the payment to the appellant of $200 from the money deposited in court by the plaintiff, and, further, to ascertain the amount of costs made by the intervention of the appellant and to tax him with the payment of such costs.

JUDGMENT ACCORDINGLY.